### RAWOLLE et al. v. KALBFLEISCH et al.

(Supreme Court, Appellate Term. May 23, 1905.)

1. RECEIVERS—SALE—INADEQUACY OF PRICE.
    Gross inadequacy of price is sufficient ground for setting aside a receiver's sale.

2. SAME—NOTICE OF SALE—INSUFFICIENCY.
    Where a notice of a receiver's sale of an interest in a contingent remainder was not published for the 10 days required by rule 77 of the rules of general practice, and there was nothing in the notice indicating what was to be sold, or the extent of the interest of the remaindermen, it was insufficient.

Appeal from City Court of New York, Special Term.

Proceedings supplementary to execution under a judgment in favor of Frederick Rawolle individually and Frederick Rawolle and another as executors of the will of Frederick Marx, deceased, against Edward L. Kalbfleisch and another. Appeal from an order setting aside a receiver's sale of the interest of Edward L. Kalbfleisch, Jr., in a contingent remainder left him by the will of his grandfather Martin Kalbfleisch, deceased. Modified and affirmed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Otto Horwitz, for appellant.

Allen & Sabine (Yorke Allen, of counsel), for respondent.

PER CURIAM. We are of the opinion that while no fraud was shown in making the sale—in fact, none is claimed as against the receiver—nevertheless the order from which the appeal is taken should be affirmed. It is true that the interest of said Edward L. Kalbfleisch in the trust fund of $40,000 was incumbered to the extent of $25,000, and was contingent upon his surviving his father, Martin Kalbfleisch, yet the price received for such interest was grossly inadequate; and for that reason alone the court, in its discretion, could and should set the sale aside.

The notice of the sale was insufficient in form, and had not been published for 10 days, as required by rule 77 of the rules of general practice. There was nothing in the notice that indicated what was to be sold, or the extent of the interest of said Edward L. Kalbfleisch, Jr., in the thing that was to be sold. It is true that it is claimed by the appellant that the sale was advertised the day before the sale in a newspaper published in the city of New York, but what the advertisement is does not appear, except by inference.

It appears from the motion papers that the moving party, the respondent, in his notice of motion to set aside the sale, offered to

pay the amount of the judgment herein and the costs, in the supplementary proceedings, and the amount to be paid to the receiver herein as compensation for services. The order contains no reference to such order. We are of the opinion that the order appealed from should be modified so as to provide that upon the payment of the judgment herein, with interest, and the $30 costs in the supplementary proceedings, the motion setting aside the sale should be granted.

We cannot fix the amount of the compensation of the receiver, because the papers do not show the amount of services he has rendered.

The order appealed from should be modified in the respect above suggested, and, as modified, affirmed, without costs of appeal to this court.